**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GABRIEL KENGI-NOUMBISSI,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-2327-SLP** |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Kengi-Noumbissi, a noncitizen[1] proceeding with counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Chief United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents filed a response to the petition, Doc. 8, and Petitioner filed a reply. Doc. 9. So, the matter is at issue.

For the reasons below, the undersigned recommends that the Court **GRANT** the petition and order Petitioner's immediate release.

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. Factual background and procedural history.

Petitioner is a citizen of Cameroon who entered the United States on October 29, 2019. Doc. 8, Ex. 3, at 1. On October 31, 2019, the Department of Homeland Security (DHS) issued an order of expedited removal. *Id.* Ex. 1, at 1. On November 13, 2019, a United States Citizenship and Immigration Services (USCIS) officer found that Petitioner established a credible fear of persecution in Cameroon. *Id.* Ex. 2, at 4. On November 18, 2019, DHS initiated removal proceedings against Petitioner by filing a Notice to Appear (NTA) with the Immigration Court. *Id.* Ex. 3, at 1.

Petitioner was detained as he sought immigration relief. *See* Doc. 1, at 8. On June 4, 2020, an Immigration Judge (IJ) denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Doc. 8, Ex. 4, at 1. The IJ subsequently ordered Petitioner removed from the United States. *Id.* On December 16, 2020, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal of the IJ's decision. Doc. 8, Ex. 6, at 3. On February 12, 2021, Petitioner was released on an order of supervision (OOS). Doc. 1, Ex. 1, at 1. On May 31, 2022, the Fifth

Circuit remanded the matter solely for consideration of Petitioner's eligibility for CAT protection.[2] Doc. 8, Exs. 10-11. Petitioner's appeal remains pending.[3]

On August 10, 2026, during a routine check-in, Immigration and Customs Enforcement (ICE) detained Petitioner and revoked his OOS under 8 C.F.R. § 241.13(i). *Id.* Ex. 12, at 1-2. On the notice of revocation, ICE alleged that it possessed a travel document and that Petitioner was scheduled to be removed by October 1, 2026. *Id.* at 1. The notice did not name the country where ICE obtained a travel document authorizing removal to an unidentified country. *See id.* Petitioner remains in ICE custody and is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 11.

---

[2] This CAT-only remand did not disturb the finality of Petitioner's underlying removal order. *Nasrallah*, 590 U.S. at 582-83 (holding that review of a CAT order is not "the same as, or affects the validity, of a final order of removal."). Petitioner has thus been subject to an administratively final order of removal since December 16, 2020, the date that the BIA dismissed his initial appeal. Doc. 8, Ex. 6, at 3; *see also* 8 C.F.R. § 1241.1(a) ("An order of removal . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals[.]").

[3] *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 9, 2026).

## II. Petitioner's claims.

Petitioner alleges that his detention is unlawful because: (1) Respondents improperly revoked his OOS in violation of 8 C.F.R. §§ 241.4(l) and 241.13(i); (2) it violates his procedural due process rights under *Mathews v. Eldridge*, 424 U.S. 319 (1976); and (3) it violates 8 U.S.C. § 1231(a)(6) because Respondents failed to identify a violation or changed circumstances such that physical incarceration is now necessary. Doc. 1, at 19-21. Petitioner asks the Court, in relevant part, to order his release subject to the conditions of his OOS "before August 10, 2026[.]"[4] *Id.* at 22.

---

[4] Petitioner also asks the Court to assume jurisdiction over this matter, issue an order to show cause, order that Petitioner may not be transferred out of this District while his writ remains pending without prior notice to him and the Court, declare that Petitioner's detention is governed by 8 U.S.C. § 1231, declare that Respondents failed to adhere to due process and procedural requirements governing OOS revocation, declare that re-detention after more than five years of government-authorized supervision violates the Fifth Amendment, order Respondents to provide Petitioner with a custody review within five days where they bear the burden of justifying Petitioner's detention and order a decisionmaker to consider certain factors, order Respondents to file a written status report for updates as to Petitioner's release and/or detention, and award reasonable attorney's fees and costs to the extent authorized by the law.

The Court need not address Petitioner's request for Respondents to show cause, as the Court did so through its order for a response. Doc. 5. The Court also need not address Petitioner's request for EAJA fees and costs as a prevailing party, as Petitioner must separately seek these after a final judgment. 28 U.S.C. § 2412(d)(1)(B).

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Petitioner is entitled to habeas relief.

Petitioner's regulatory and procedural due process claims are intertwined, so the undersigned addresses them together and finds that Respondents improperly revoked Petitioner's OOS and unlawfully arrested him.[5]

---

[5] The parties do not dispute that Petitioner's detention is governed by 8 U.S.C. § 1231. *See* Doc. 1, at 12; Doc. 8, at 10. The undersigned agrees and finds that Petitioner's detention is governed by § 1231 as he is subject to an administratively final order of removal.

### A. Respondents improperly revoked Petitioner's OOS in violation of 8 C.F.R. § 241.13(i)(2).

Agencies must follow their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265–68 (1954). When a noncitizen has been detained pursuant to a final order of removal, ICE must release the noncitizen on an OOS if it determines that there is no significant likelihood of removal in the reasonably foreseeable future. *See* 8 C.F.R. § 241.13(g)-(h); *Zadvydas*, 533 U.S. at 699–700. Noncitizens who are released for this reason may only have their OOS revoked under 8 C.F.R. § 241.13. *Abedi v. Carter*, No. 25-3179, --- F.4th ----, 2026 WL 3149141, at *15 (10th Cir. Oct. 21, 2026). In this context, DHS may revoke an OOS: (1) for a violation of the "conditions of release" specified in the OOS; or (2) "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(1)–(2).

A decision to revoke an OOS on account of changed circumstances rests on an "individualized determination" that such circumstances make it far more likely that a noncitizen will be removed in the reasonably foreseeable future. *See Kong v. United States*, 62 F.4th 608, 619–20 (1st Cir. 2023) (citing 8 C.F.R. § 241.13(i)(2)). ICE bears the burden of showing that changed circumstances demanded revocation at the time of re-detention. *Id.* at 620; *see also Nguyen v.*

*Blanche*, No. CIV-26-489-SLP, 2026 WL 2464609, at *2 (W.D. Okla. June 3, 2026); *Pham v. Bondi*, No. CIV-25-1157-SLP, 2025 WL 3243870, at *2 (W.D. Okla. Nov. 20, 2025) (citing *Kong*, 62 F.4th at 619-20). ICE must consider the noncitizen's history of compliance, the Government's prior removal efforts, and the views of the Department of State regarding the prospects for the noncitizen's removal. *See* 8 C.F.R. § 241.13(f).

Here, Respondents failed to demonstrate changed circumstances at the time of Petitioner's re-detention. Respondents allege that Petitioner's removal is in the reasonably foreseeable future because they obtained a travel document and scheduled him to be removed by October 1, 2026. Doc. 8, at 5; *id*. Ex. 12, at 1. Neither the revocation notice nor Respondents' submissions identify the country to which Petitioner would be removed, and Respondents have not submitted the asserted travel document.[6] *See* Doc. 8, Ex. 12, at 1; *see*

---

[6] Petitioner alleges that ICE possesses a Cameroonian travel document which, if true, would also demonstrate that Respondents failed to meet their burden under § 241.13(i)(2). Petitioner's appeal with respect to his CAT application for Cameroon has been pending before the BIA since June 14, 2022. *See* Doc. 8, Exs. 10-11. Respondents may not remove Petitioner while his CAT application remains pending. *See Juarez v. Noem*, No. 5:26-CV-00014-MWC-KS, 2026 WL 127607, at *5 (C.D. Cal. Jan. 9, 2026) ("enjoin[ing] Respondents from removing Petitioner from this District for the pendency of these proceedings or thereafter removing him to a third country without notice and an opportunity to be heard on any fear of persecution or torture he has in that third country"); *Jiang v. Gantt*, No. CIV-26-0878-HE, 2026 WL 2335904, at *8

*also Faysal N. v. Noem*, 825 F. Supp. 3d 844, 851 (D. Minn. 2026) (finding that respondents did not meet their burden in part because they failed to identify "which country or countries they are trying to remove [petitioner]"); *Majmaie v. Mullin*, No. CIV-26-1035-D, 2026 WL 1999252, at *2 (W.D. Okla. July 10, 2026) ("Respondents have not identified any third countries to which Petitioner might be removed."), *report and recommendation adopted*, No. CIV-26-1035-D, 2026 WL 2255074 (W.D. Okla. Aug. 5, 2026); *Momennia v. Bondi*, No. CV 25-1067-J, 2025 WL 3006045, at *1 (W.D. Okla. Oct. 27, 2025) (granting habeas relief because respondents "ha[d] not identified any countries with which any level of progress has been made toward obtaining the country's acceptance of Petitioner.").

Respondents' written submissions do not correct this omission and instead repeat that ICE possesses a travel document authorizing removal to an unidentified country and that Petitioner's removal is in the reasonably foreseeable future. Doc. 8, at 4-5; *see also Faysal N.*, 825 F. Supp. 3d at 851 ("Respondents' written submissions . . . fail to identify any 'changed

---

(W.D. Okla. Aug. 12, 2026) (ICE recognizing that it cannot remove petitioner while his appeal remains pending), *report and recommendation adopted*, No. CIV-26-0878-HE, 2026 WL 2473654 (W.D. Okla. Aug. 21, 2026). Thus, at the time his OOS was revoked, Petitioner's removal to Cameroon would not have been reasonably foreseeable. *See Pham*, 2025 WL 3243870, at *2.

circumstances[.]'"). Respondents' submissions did not include the travel document.

Apart from their failure to identify the destination country, Respondents have not demonstrated progress toward effectuating Petitioner's removal. Despite his previously scheduled removal, Petitioner remains detained. Doc. 8, Ex. 12, at 1; Doc. 11, at 1. Respondents have not identified any subsequent removal date or provided further evidence of progress toward removal. On this record, their stated removal timetable does not establish a significant likelihood of removal in the reasonably foreseeable future. *See Khaliq v. Noem*, 828 F. Supp. 3d 1260, 1269 (W.D. Okla. Jan. 26, 2026) (finding there have been no "meaningful, ongoing efforts by [Respondents] to remove Petitioner").

"A decision to revoke that lacks a supporting factual basis . . . violates the regulatory scheme." *Jiang v. Gantt*, No. CIV-26-0878-HE, 2026 WL 2335904, at *2 (W.D. Okla. Aug. 12, 2026) (internal citation omitted). "ICE must identify specific facts supporting its decision to revoke a noncitizen's OOS." *Majmaie*, 2026 WL 1999252, at *5. Without knowledge of where he would be removed to, the likelihood of Petitioner's removal is speculative. *Nguyen v. Blanche*, No. CIV-26-1351-R, 2026 WL 3094416, at *8 (W.D. Okla. Oct. 16, 2026) (finding that "vague assertions" fail to demonstrate "changed

circumstances" or "a significant likelihood that the alien may be removed in the reasonably foreseeable future.") (citation omitted); *see also Hamidi v. Bondi*, No. CIV-25-1205-G, 2025 WL 3452454, at *4 (W.D. Okla. Dec. 1, 2025) (finding that the respondents' assertions of a mere likelihood that petitioner could be removed "inadequate to satisfy § 241.13(i)(2)"). So, the undersigned finds that Respondents have failed to adhere to § 241.13(i)(2) and that Petitioner's detention is unlawful.

**B. Petitioner's immediate release is the appropriate remedy.**

An agency's regulations are legally binding on the agency, "as [the agency] is 'expected to render a decision in accord with its own collective belief.'" *Abedi*, 2026 WL 3149141, at *22 (quoting *Ramos v. Bondi*, 155 F.4th 1154, 1165 (10th Cir. 2025)). The government's violation of "regulations that establish procedural protections for individuals . . . may constitute per se prejudice, negating the need for the plaintiff to make any additional showing of prejudice to be entitled to relief." *Id.* In *Abedi*, the Court held that ICE's failure to comply with 8 C.F.R. § 241.13(i), the regulations governing revocation of release for noncitizens subject to a final order of removal, rendered the petitioner's arrest and detention invalid. *Id.* at 21. Importantly, the petitioner's ability to litigate his due process rights in a habeas petition did

not cure the violation. *Id.* As a result, the government's violation was "per se prejudicial, thus warranting habeas relief without the need for an additional showing of prejudice." *Id.*

Here, Respondents violated the same regulation—though a different subsection—as the government had in *Abedi*. *See id.* at 18. As in *Abedi*, Respondents' violation was "per se prejudicial, thus warranting habeas relief without the need for an additional showing of prejudice." *Id.* at 21-22. Courts in this district have held that failure to establish changed circumstances under 8 C.F.R. § 241.13(i)(2) "renders the revocation of release ineffective" and itself amounts to a due-process violation justifying release. *Pham*, 2025 WL 3243870, at *1 (quoting *Qui v. Carter*, No. 25-CV-3131-JWL, 2025 WL 2770502, at *4–5 (D. Kan. Sept. 26, 2025)); *see also Khaliq*, 828 F. Supp. 3d at 1271-72; *Wonsehleay v. Mullin*, No. CIV-26-1226-HE, 2026 WL 2519454, at *7 (W.D. Okla. Aug. 26, 2026), *report and recommendation adopted,* No. CIV-26-1226-HE, 2026 WL 2662005 (W.D. Okla. Sept. 9, 2026); *Majmaie*, 2026 WL 1999252, at *4; *Owdetallah v. Bondi*, No. CIV-25-1546-SLP, 2026 WL 483648, at *6 (W.D. Okla. Feb. 20, 2026).

**V. Recommendation and notice of right to object.**

For the above reasons, the undersigned recommends that the Court grant the petition insofar as it seeks release based on Respondents' failure to validly revoke Petitioner's order of supervision and decline to reach Petitioner's remaining claims.

The undersigned also recommends that the Court order Petitioner's immediate release subject to the same conditions that governed his release under the February 12, 2021 order of supervision. Within five business days after entry of the Court's order, Respondents should be required to file a declaration pursuant to 28 U.S.C. § 1746 confirming compliance.

The undersigned also recommends that the Court require Respondents to comply with all applicable laws and regulations before any future re-detention of Petitioner, including any applicable requirements concerning the exercise of discretion, notice, and an opportunity to be heard

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 17, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[7] The undersigned further advises the parties that failure to

[7] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that

make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 10th day of November.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process.").